MISSOURI PACIFIC RAILROAD COMPANY, APPELLANT, V. DRAINAGE DISTRICT, APPELLEE.

FILED SEPTEMBER 22, 1923. No. 22517.

1   **Drains**: ASSESSMENTS. Benefits accruing to a railroad by the

drainage of a valley in which flood waters overflowed and injured the railroad tracks may be assessed by a drainage district organized under statutory authority. Comp. St. 1922, sec. 1758.

2. ——— : ———. Evidence outlined in opinion *held* sufficient to sustain an assessment of benefits accruing to railroad property by drainage.

APPEAL from the district court for Richardson county: JOHN B. RAPER, JUDGE. *Affirmed.*

*J. A. C. Kennedy* and *Yale C. Holland,* for appellant.

*Kelligar, Ferneau & Gagnon, contra.*

Heard before MORRISSEY, C. J., ROSE and ALDRICH, JJ., COLBY and REDICK, District Judges.

ROSE, J.

This is a controversy over the assessment of benefits accruing to railroad property by drainage. Comp. St. 1922, sec. 1758. Drainage District Number 5, Richardson county, is defendant. It was organized for drainage purposes under statutory authority. Comp. St. 1922, sec. 1744. By means of a channel and a number of laterals it constructed a drainage system in Muddy creek valley, Richardson county. Muddy creek was formerly the water-course in what is now the drainage district. The general direction of drainage is southeast. The new channel is about half the length of the old. The drainage district is approximately nine miles long and varies in width from one to three miles. The Missouri Pacific Railroad Company is plaintiff. Its railroad followed the general direction of Muddy creek more than three miles in the upper part of the valley and crossed that stream several times on bridges. The drainage board, upon the estimate and recommendation of its engineer, assessed the benefits accruing to the railroad property of plaintiff at $41,386. From this assessment plaintiff appealed to the district court, where the amount was reduced to $24,600. Plaintiff has again appealed.

The question presented by the appeal is the sufficiency

of the evidence to sustain the assessment for benefits. Plaintiff argues, and there is evidence tending to prove, that its rails, ties and ballast are on a roadbed four to six feet higher than the natural surface of the ground, that its tracks are now out of danger from flood waters, that its embankments are composed of gumbo, which is practically impervious to water, and that therefore the railroad property is not benefited by defendant's drainage system. The evidence shows conclusively that Muddy creek valley is subject to overflows. In 1883, 1907, 1912 and 1915 water covered plaintiff's roadbed in places and destroyed portions of its tracks, causing heavy losses. There is evidence of a dozen floods in Muddy creek valley in a single year. It is conceded by plaintiff that its property prior to 1915 was damaged by floods at in-tervals of four or five years, but in this connection it is argued that the railroad tracks were subsequently elevated above the plane of flood waters and are now beyond the danger of injury therefrom. This theory of the controversy was supported by engineers who testi-fied on behalf of plaintiff, and was ably advocated at the bar. The testimony of other engineers called by defendant as witnesses is, however, of a different import. There is evidence tending to prove that the drainage system of defendant will lower the plane of floods along the roadbed and carry the waters therefrom more rapidly. The effect of this, according to one engineer, is to pro-tect the embankment, retard deterioration in ties and rails, preserve ballast, and decrease the number of neces-sary railroad bridges. Another engineer advanced the theory that drainage will make further elevation of the tracks unnecessary, there being evidence tending to show that the carrying capacity of the drainage channel will increase with floods, while the nature of the watershed and the windings of Muddy creek in its natural state would inevitably raise the surface of the valley and necessitate further elevation of railroad tracks. The estimate of

benefits under either theory of defendant's engineers exceeds the assessment from which the appeal is taken. The trial judge, in the light of all the evidence, viewed the railroad property as affected by the drainage system, and there does not seem to be a sufficient reason to disturb his finding.   The judgment seems to be supported by the evidence.

AFFIRMED.